381 A.2d 234.

JAMES R. MARTIN *vs.* STATE BOARD OF ELECTIONS *et al.*

DECEMBER 29, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is a petition for certiorari to review a decision of the State Board of Elections that affirmed a decision of the City of Central Falls Board of Canvassers and Registration which in turn held that the petitioner was ineligible to be a candidate in a nonpartisan election for the office of school committeeman from the city's Third Ward. The petitioner, a classified employee of the State of Rhode Island, is challenging on First Amendment grounds the constitutionality of G.L. 1956 (1969 Reenactment) §36-4-51, which in its pertinent portion states: "No classified employee * * * shall seek the nomination of or be a candidate for any elective office, other than membership on an unpaid city or town commission * * * ."

On September 30, 1977, we issued an order directing the responsible officials to restore petitioner's name to the ballot which was to be used on October 4, 1977, the primary election day. In that primary, petitioner gained a runoff position for the general election which was held on Tuesday, November 8, 1977. Oral arguments on the petition were held on October 19, 1977. Because of the press of time, we were unable to render a full decision in this matter prior to the November 8, 1977 election. Accordingly, we entered an order on October 20, 1977, which protected petitioner's right to appear on the November 8, 1977 ballot. This opinion is an explanation of the action taken at that time.

The issue presently before us actually was resolved in August of this year by our opinion in *Cummings* v. *Godin*, 119 R.I. 325, 377 A.2d 1071 (1977). There a schoolteacher employed by the City of Woonsocket challenged a provision in the city's charter which provided that "No person employed by the City * * * shall assume any elective office unless he first resigns his position with the City." The teacher was also a member of the Rhode Island Senate. In the *Godin* case this court ruled that the right to hold public office is one of the rights that is included within the ambit of the First Amendment. We recognized that while the government has a compelling interest in restricting the political activities of its employees, the restriction should be narrowly drawn to achieve this purpose. In ruling that Woonsocket's dual-office ban was unconstitutionally overbroad, this Court observed that the charter provisions encompassed too broad a scope because they prohibited "all city employees from holding *any* elective office," including partisan, nonpartisan, state, federal, and local office.

We see no need to extend this opinion because on the record presently before us what we said in *Godin* about Woonsocket's charter applies with equal force to the state's flat ban against any of its classified employees' holding any elective office. Thus, we hold that §36-4-51 as presently drawn is unconstitutionally overbroad and constitutes no impediment to the petitioner's assuming office as school committeeman from the Third Ward.[1]

*Giovanni Folcarelli*, for petitioner.

*Stephen F. Achille, Paul G. Mac Lean*, Acting City Solicitor, for respondent.

---

[1]The petitioner was the victor at the November general election.